Hillsborough,
No. 4734.

TRAVELERS INDEMNITY COMPANY & a.

*v.*

FARM BUREAU MUTUAL INSURANCE COMPANY & a.

Argued May 6, 1959.
Decided July 10, 1959.

*Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Booth* orally), for the plaintiffs.

*Upton, Sanders & Upton* (*Mr. Sanders* orally), for defendant Farm Bureau Mutual Insurance Company.

*Sleeper & Mullavey* and *Edward E. Williams* (*Mr. Williams* orally), for defendants Ella E. Hall and Alice M. Hall.

*McLane, Carleton, Graf, Greene & Brown* and *David L. Nixon* (*Mr. Nixon* orally), for defendant Shirley E. Brusseau.

WHEELER, J. At a pre-trial conference at which all parties were represented by counsel, it was stipulated, among other things, that a special verdict should be submitted to the jury in the precise form subsequently given in the Court's instructions. Rule 48 of the Superior Court Rules (99 N. H. 615) provides that the Court shall make an order which recites the action taken at a pre-trial conference, the agreements of the parties which limit the trial issues "and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifested injustice."

On the record before us we see no abuse of discretion in the Court's finding that modification of the order was not required under Rule 48. The exception is therefore overruled.

Counsel for the Travelers Indemnity Company and Brusseau, adm'x, contend it was error to admit the testimony of chief Davis of Auburn concerning a conversation he had with Alice Hall "after she got out of the hospital and when her mind was free and clear" to the effect that on the night in question Brusseau was driving the motor vehicle. Counsel argue that a prior consistent statement is inadmissible unless the witness has been impeached and that such testimony is self-serving and hearsay. However, counsel sought in cross-examination to impeach Alice's testimony on the basis of her prior deposition and in argument sought to draw the inference of a change in her position and that she was less than candid. *Twardosky* v. *Company*, 95 N. H. 279, 284; see *State* v. *Slocinski*, 89 N. H. 262. We believe the evidence of chief Davis was competent.

*Exceptions overruled.*

All concurred.